WM. G. HARWELL *et al.* *v.* MOLLIE H. BENSON *et al.*

WILLS. *Construction of.* A devise of land in fee, with remainder over to take effect in the event the first taker "should die before he marry or have any bodily heirs," means that the devise over shall take effect even though the first taker marry, if he die before he have any bodily heirs.

FROM LINCOLN.

Appeal from the Chancery Court at Fayetteville. JOHN W. BURTON, Ch.

N. & F. SMITHSON for complainants.

HOLMAN & HOLMAN for defendants.

MCFARLAND, J., delivered the opinion of the court

C. D. Benson, of Lincoln county, died in 1867, leaving a will, by which he gave his estate to his widow and three children in the following manner, to-wit: "Item 2d. After all my just debts are paid and discharged, the residue of my estate, real and personal, I dispose of as follows: To my wife Narcissa E., one third of my real estate and one fourth of all my personal property during her natural life, and after her death to be equally divided between my legal heirs; to my son, Thomas E. Benson, one third of the residue of my real estate and one fourth of all my personal property; the remainder of my real estate and personal property to be equally divided between

my daughters, Elvira Frances and Elenor Obedience Benson, to be set aside for their sole and separate use, free from the control and liabilities of their husbands' debts during their natural lives, and after their deaths to their bodily heirs."

" Item 3d. I will and bequeath to my legal heirs, after the death of my wife Narcissa E., all the real and personal estate that I have given to her during her natural life, to be equally divided between my legal heirs, share and share alike, and to descend to them in the same manner I have prescribed in item second."

" Item 4th. I direct and will that if any of my children should die before they marry or have any bodily heirs, that his, her or their shares be equally divided between my legal heirs, as specified in items second and third."

The 5th item gives directions as to the manner of dividing the estate.

The lands were divided in the manner pointed out by the will. Lot No. 1 being assigned to the widow, Narcissa E ; Lot No. 2 to Thomas E. ; Lot No. 3 to Elenor O., and Lot No. 4 to Elvira F. Thomas E. Benson married, and died in August, 1876, without ever having had any child born to him. Previous to his death he conveyed the land allotted to him (Lot No. 2) to the widow Narcissa E., and she soon after conveyed the same to Mollie H. Benson, the wife of said Thomas E. Soon after, the said Narcissa E., Thomas E. and Mollie H. conveyed the land to James Watson, to secure to Henry Watson a loan of $1,200.

Elvira F. married James Allen and died leaving two infant children surviving her, who successively died in infancy, the last in August, 1873, leaving the father, James Allen, surviving.

Elenor B. married W. G. Harwell, and they and their two infant children are the complainants in this case. The defendants are the widow Narcissa E., Mollie H. Benson the widow of Thomas E., James Allen, and James and Henry Watson.

The object of the bill is to construe the will, especially in reference to its effect in the contingencies that have happened, as to the title to Lot No. 2 of the land, and also to declare who will take the remainder interest in Lot No. 1 after the death of the widow.

The principal controversy is upon the construction of item 4. Thomas E. having died after marriage, but before the birth of a child, the question is whether the devise over in favor of the testator's legal heirs took effect. The language of item 2, taken alone, is sufficient to vest Thomas E. with the fee; but construed with item 4, it becomes a fee subject to be defeated by an executory devise over in favor of the testator's heirs upon the happening of the contingency. The question is upon what contingency is the devise over to take effect? The language is, "if any of my children should die before they marry or have any bodily heirs." Does this mean that in order for the devise over to take effect, the first taker should not only die before he have any bodily heir, but also before he marry? Or, on the other hand, does it mean

that the devise over shall take effect if the first taker die before he marry, or if after he marry he die before the birth of a child?

In *Massie* v. *Jordon*, 1 Lea, 648, the language was: "If either of my children die before arriving at the age of twenty-one years or (before they) have a lawful heir of their body," my wish is that the survivors shall be heirs, etc. It was held that the death must occur before arriving at twenty-one years of age and before the birth of a child. This is well sustained by the authorities: See 2 Jarman on Wills, 5th Am. ed., p. 86. The intention of the testator in such a case is clear, that the first taker's estate shall be absolute if he arrive at an age to dispose of the property himself, or if he die before that age he nevertheless have issue born.

It would seem at first view that the present case is analogous in principle, but it will be seen from the volume of Jarman above referred to, page 96, that language similar to the clause now under consideration is construed differently. That is to say, a devise over upon the first taker "dying before he arrive at twenty-one years of age or have bodily heirs," is not to be construed in the same way as a devise over upon the first taker dying "before he *marry* [or have bodily heirs." The question is, the intention of the testator, and as said Judge Cooper in *Massie* v. *Jordan*, it is common learning on the construction of wills, that "or" may be changed into "and" to carry out the testator's wishes, and it may be added, that for the same purpose "and" may be as readily changed into "or," but

of course no change of words will be made if the intention can be arrived at without the change. We are constrained to hold that the intention in this case was that the devise over should take effect if either of the testator's children should die either before marriage, or if after marriage before they had any bodily heir or child born. To hold that the estate of the first taker was to become absolute upon his marrying, would be to give no meaning to the words "or have any bodily heir." In that view, it would have been sufficient to say, "if any of my children should die before they marry," then their share to go to the survivors, etc. This is so for the reason that he must marry before he have bodily heirs—as bodily heirs means lawful issue, or issue born in wedlock.

It is equally true that the intention we have indicated as the true one, could have been as well expressed without any reference to "marrying," as if the will had said, "if any of my children should die before they have any bodily heirs"; for, as we have said, they could not have lawful "bodily heirs" until after they marry. To "have bodily heirs," and "marry and have bodily heirs," is in effect the same as the former including the latter. The intention was that the estate of the first taker should become absolute if "he marry and have a bodily heir born to him," or if he "have a bodily heir," which means the same thing; or in other words, the devise over was to take effect if the first taker die either before he marry, or if after he marry he die before he have a bodily heir. This intention is also strengthened by other portions

of the will; in fact the shares of the two daughters.
is limited in term to their lives.    The devise over,
therefore, took effect in favor of his testator's legal
heirs, that is to say in favor of his heirs at the hap-
pening of the contingency.

The complainant, Mrs. Harwell, being at that time
the only heir of the testator, must take the estate;
but the 4th item, by reference to the 2d and 3d items,
limits the estate to her life with remainder to her
children.

James Allen, although the heir of his deceased child
and as such entitled to the share if his deceased wife,
is not an heir of the testator, and therefore takes no
interest in Lot No. 2.    We feel constrained to give
this construction to the will, notwithstanding the sym-
pathy courts would naturally have for the widow of
Thomas E., and notwithstanding the hardships upon
the creditors.

As the life estate of the widow in Lot No. 1 has
not yet fallen in, it is not proper to express an opin-
ion as to who will be entitled to the remainder.   The
construction contended for the complainants is, that it
will go to the class of persons constituting the heirs
of the estate when the life estate terminates—unmind-
ful that by such a construction the complainants them-
selves have now no interest, as it cannot be known
that they will be the heirs of the testator at that
time.

The decree as to Lot No. 2 must be reversed and
a decree entered for complainants, but under the cir-
cumstances they will pay the costs.